■ JACOB GARVIN et al., Appellants, v STATE OF NEW YORK, Respondent. [607 NYS2d 719] —In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Silverman, J.), dated September 11, 1991, which denied their application pursuant to Court of Claims Act § 10 (6) for leave to file the claim late.

Ordered that the order is affirmed, with costs.

The claimant Jacob Garvin, an employee of the Long Island Lighting Company (hereinafter LILCO), was injured while reconnecting a customer's electrical service wires to a LILCO-owned utility pole. The utility pole was located on a road which had been recently widened by the State. Jacob Garvin's injuries were caused when he came into contact with an improperly installed "load buster" disconnect device located on the utility pole.

The claimants moved for leave to file the claim late pursu-

ant to Court of Claims Act § 10 (6), alleging, *inter alia*, that the injuries sustained were the result of the State's negligent design and supervision of the road-widening project and the electrical transmission facilities where the accident occurred. The Court of Claims denied the claimants' motion. We affirm.

The claimants have failed to substantiate their assertions that the defendant State of New York was responsible for the condition which resulted in Jacob Garvin's injury. The record contains nothing of a probative nature establishing that LILCO was a contractor for the State relating to the work which was performed or that the State supervised the electrical work in question. Further, it is undisputed that LILCO owned and maintained the utility pole, and that the State neither designed nor installed the defective "load buster" device which caused the accident. Under the circumstances, the claimants' motion was properly denied. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.